**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4679**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

KENNETH KENNY MARTIN, a/k/a Twice,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:08-cr-00270-WO-1)

_____

Submitted:  November 22, 2010        Decided:  January 3, 2011

_____

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher A. Beechler, LAW OFFICES OF CHRISTOPHER A. BEECHLER,
Winston-Salem, North Carolina, for Appellant. Randall Stuart
Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Kenny Martin appeals the 240-month sentence imposed following his guilty plea to one count of distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). Counsel for Martin filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but noting that Martin objects to the length of his sentence. Martin filed a pro se supplemental brief contending that the district court imposed an unreasonable sentence and that he received ineffective assistance of counsel. Finding no reversible error, we affirm.

Because Martin did not request a different sentence than the one ultimately imposed, we review his sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (unpreserved sentencing errors reviewed only for plain error). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 51 (2007).

2

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We hold that the district court committed neither procedural nor substantive error during sentencing. The district court used the correct advisory Guidelines range and explained its reasoning, considering both parties' arguments and the § 3553(a) factors. Moreover, Martin's sentence is below the applicable Guidelines range, at the statutory minimum. In the absence of a substantial assistance motion by the Government,

the district court lacked the authority to depart below the statutory minimum. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

In his pro se supplemental brief, Martin contends that (1) the sentence imposed by the district court contradicted its finding that Martin was eligible for a 180-month sentence; (2) the district court erred by failing to consider his "mental deficiencies," as explained in the Presentence Investigation Report ("PSR"); (3) the district court erred by ordering that the sentence run consecutively, rather than concurrently, to his undischarged state sentence; and (4) counsel rendered ineffective assistance. Martin's first two claims fail as they are completely contradicted by the record. The district court never found that Martin was eligible for a 180-month sentence and the PSR did not contain any evidence of mental deficiencies. Martin's third claim also is without merit, as it was within the court's discretion to decide whether to run the sentences consecutively or concurrently, pursuant to U.S. Sentencing Guidelines Manual § 5G1.3(c) (2009). Therefore, we hold that Martin's sentence was reasonable and the district court committed neither procedural nor substantive error. Additionally, we hold that Martin's ineffective assistance of counsel claims are not cognizable on direct appeal because ineffective assistance of counsel does not appear conclusively

4

on the record.  See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED